·MABEL C. BATES, complainant,

*v.*

WILLIAM W. BATES, defendant.

[Decided June 6th, 1924.]

**Maintenance—Husband and Wife—Unless Divorced, Husband Must Maintain Wife no Matter What the Relations Between Them.**

On bill for maintenance. On final hearing.

*Mr. Dean S. Renwick,* for the complainant.

*Mr. Samuel M. Atkinson,* for the defendant.

LEAMING, V. C. (orally).

I still entertain the view that I suggested at the beginning of this hearing, that this case might very well have been determined on the pleadings, but lest there should be a misapprehension on my part, I allowed counsel to make a full and complete record in the case on both sides.

I am unable to see how there can be any denial by the court of the complainant's demand for support without overruling the court of errors and appeals, and that I never knowingly attempt. The court of errors and appeals has said, and said very emphatically, that the common law obligation of support resting upon a husband is a dual obligation, he owes it to his wife and he owes it to society, and that obligation, the court says, persists and continues—to use the exact language of the court—"unless and until" the husband shall divorce her. In the overruled case, in which that comment was made by the court of errors and appeals, the woman had been admittedly living in open adultery with another man; the husband had not seen fit to procure a divorce from

her, which he could have procured, and yet the court of errors and appeals determined that, unless and until he should procure a divorce from her, he must provide for her support. If a husband doesn't wish to provide for the support of his wife, it would seem that he must procure his divorce and thus terminate his common law obligation of support. Two early decisions in this state had been referred to in the overruled case, which held that a husband was not obliged to support his wife if she refused to live with him and share his home. As to those cases the court of errors and appeals intimated a disapproval by characterizing the rulings as *obiter dictum*.

Now, that is the extent to which the court of errors and appeals has gone, as I interpret their views, and if their views are as I interpret them, Mr. Bates is liable for the support of his wife unless and until he can get a divorce from her by reason of misconduct on her part, such as refusal to live with him, constituting a desertion, or other misconduct, which under our statute may justify a divorce. So, I can't see how it is possible to deny to Mrs. Bates maintenance under the view of the law which the highest authority in this state defines as controlling in cases of this kind.

If, however, it may be necessary to go a step further, and to assume that the failure of a wife to accept a proffer upon the part of the husband to share his home might deny her the right to his support, I should entertain the view that in this case the testimony does not show any such effort upon the part of Mr. Bates to supply a home and support for his wife in that home, accompanied by assurances of proper treatment on his part, as the law requires under the circumstances of this case as they clearly exist. If necessary, I should make a finding of fact, to the effect that if any proffer of that nature was made it has not been adequate under the circumstances shown by the evidence.

So, in either event, under the law, as I see it, it is simply for me to now determine what amount would be an appropriate amount for Mr. Bates to pay to his wife for her support per week. There must be taken into account the limited

amount of his earning capacity, and there must likewise be taken into account the circumstance that there does not appear to be any absolute or pressing need on her part, because she appears to be able by her own labor to support herself.  Under the circumstances as they appear, and my conclusion of the law, I will impose upon Mr. Bates an obligation to the extent of $8 a week for the support of his wife. and that obligation will continue, subject to modification or termination, until he can find some ground to relieve himself by a divorce from his wife based upon her misconduct, if such ground can be found, which, to my mind, is more than doubtful.  It leaves the situation an unfortunate one from the husband's standpoint, but that is one of the incidents of married life.  I will advise a decree to that effect.